IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONEL ALVARADO AGUILAR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:25-cv-1904-K-BN |
| | § | |
| JOSHUA JOHNSON, ET AL., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER TRANSFERRING CASE**

Petitioner Leonel Alvarado Aguilar filed with the assistance of counsel an application for a writ of habeas corpus under 28 U.S.C. § 2241 in the Dallas Division of this district, alleging in part that "Respondent Joshua Johnson arrested [Petitioner] and placed him in the custody of the CoreCivic Cimarron Correctional Facility in Oklahoma" and that Petitioner is detained "for the purpose of executing his removal order, despite it being stayed by the filing of a timely notice of appeal with the Board of Immigration Appeals." Dkt. No. 1 (cleaned up).

Petitioner paid the applicable filing fee. And United States District Judge Ed Kinkeade referred this matter to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Petitioner names two respondents: Johnson, alleged to be the Acting Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement ("ICE"), and "Warden CoreCivic Cimarron Correctional Facility in Oklahoma," who Petitioner admits "is [his] immediate custodian and does not reside

in the judicial district of the United States Court for the Northern District of Texas, Dallas Division." Dkt. No. 1, ¶¶ 5 & 6.

But Petitioner argues that, "as a contractor under the direction of [ICE], the court should take jurisdiction over the contractor who is acting at the direction of Respondent Johnson." *Id.*, ¶ 6 (cleaned up).

"In general, '[t]he only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district court in which the [petitioner] is confined.'" *Dada v. Witte*, Civ. A. No. 20-1093, 2020 WL 1674129, at *2 (E.D. La. Apr. 6, 2020) (quoting *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (per curiam) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001))).

And, "[i]n challenges to present physical confinement," the United States Supreme Court has "reaffirm[ed] that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Padilla*, 542 U.S. at 439-40 (further noting that, "[i]f the 'legal control' test applied to physical-custody challenges, a convicted prisoner would be able to name the State or the Attorney General as a respondent to a § 2241 petition" but, "[a]s the statutory language, established practice, and our precedent demonstrate, that is not the case").

Petitioner cites no authority to support his argument that it would be appropriate to not apply the established immediate-custodian rule to this case. And the Court's survey of recent similar habeas cases reveals that the immediate-custodian rule is alive and well:

> There is generally only one proper respondent to a given prisoner's habeas petition, and it is the person who has the immediate custody of the party detained. That precept flows from the federal habeas statute, which provides that the writ shall be directed to the person having custody of the petitioner. Those statutory provisions, in turn, reflect the nature of the Great Writ, which acts not upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody. For habeas challenges concerning present physical confinement, therefore, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official. In such cases, only the district court in the district of confinement has statutory jurisdiction.

*J.G.G. v. Trump*, ___ F. Supp. 3d ____, Civ. A. No. 25-766 (JEB), 2025 WL 1577811, at *20 (D.D.C. June 4, 2025) (cleaned up); *see also Khalil v. Joyce*, ___ F. Supp. 3d ____, No. 25-cv-01963 (MEF)(MAH), 2025 WL 972959, at *24 (D.N.J. Apr. 1, 2025) ("For a person being detained in connection with an immigration matter, the immediate custodian is the warden of the detention center." (citing *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021))).

There are exceptions to this default rule. *See, e.g.*, *Suri v. Trump*, No. 25-1560, 2025 WL 1806692, at *4 (4th Cir. July 1, 2025) (discussing the unknown-custodian exception); *cf. M.A.P.S. v. Garite*, ___ F.R.D. ____, EP-25-CV-00171-DB, 2025 WL 1479504, at *6 (W.D. Tex. May 22, 2025) ("*Padilla* declined to address whether the immediate custodian rule even applies 'to a habeas petition filed by an alien detained pending deportation,' and there is no conclusive Fifth Circuit authority on the issue." (citing *Padilla*, 542 U.S. at 425 n.8)).

But Petitioner fails to persuasively explain why an exception should apply here. And, so, this case should be transferred to the jurisdiction where Petitioner is

in custody.

The Court may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also id.* § 1631; *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984) ("Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a)."); *Day v. Chandler*, 55 F. App'x 716, 2002 WL 31933183, at *1 (5th Cir. Dec. 20, 2002) (per curiam) ("The Eastern District also properly transferred the petition to the Northern District. *See* 28 U.S.C. §§ 1406(a), 1631.").

The Court may raise this issue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

And a magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Cf. Franco v. Mabe Trucking Co.*, 3 F.4th 788 (5th Cir. 2021) (affirming order by magistrate judge, on pretrial management reference, transferring case under 28 U.S.C. § 1631 (but labeled by judge as 28 U.S.C. § 1406(a)) to another district for want of personal jurisdiction).

Here, because, when he filed this matter, Petitioner was physically confined at the CoreCivic Cimarron Correctional Facility, in Payne County, Oklahoma, within the Western District of Oklahoma, *see* 28 U.S.C. § 116(c), the Court will transfer his habeas petition to that federal judicial district under Sections 1406(a) and 1631 **21 days** "from the date [this] order is entered on the docket," N.D. TEX. L. CIV. R. 62.2, "[u]nless all affected parties consent to the transfer," *id.*, during which time any party

may file an objection to Judge Kinkeade within 14 days after being served with a copy of this order, *see* FED. R. CIV. P. 72(a); *cf.* 28 U.S.C. § 116; *Gardner v. U.S. Fidelity & Guar. Co.*, 60 F.2d 437, 439 (10th Cir. 1932) (Oklahoma's federal judicial districts lack divisions).

If an objection is filed, the order of transfer is stayed pending further order of the Court.

SO ORDERED.

DATED: July 25, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE